IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IN RE: § | |
| XOTICAS LAREDO, L.P., *et al.*, § | |
| § | CASE NUMBER 18-50035 |
| § | (Chapter 11–Jointly Administered) |
| DEBTORS § | |

**XOTICAS LAREDO, L.P.
AND XOTICAS RIO GRANDE VALLEY, L.P.
JOINT STATUS REPORT**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Now come Xoticas Laredo, L.P. and Xoticas Rio Grande Valley, L.P. and submit this status report to the court:

**1.      Financial, Business or Other Problems That Prompted the Filing of the Petition for Relief**

Debtors are each a separate limited partnership. Xoticas Laredo, L.P. is in Laredo, Texas. Xoticas Rio Grande Valley, L.P is in Pharr, Texas. They are each owned by the same limited partners and general partner. Each organization is in good standing with the Texas Comptroller with respect to their organizational documents and franchise taxes. Xoticas Laredo was formed in May of 2001. Xoticas Rio Grande Valley was formed in July of 2001. Each club is in the business of providing entertainment in the form of topless dancing and food and drink to its patrons.

The Debtors' problem began in 2007 when the State of Texas enacted a Sexually Oriented Business Fee (SOBF) which can be found in Section 102 of the Texas Business and Commerce Code. The SOBF requires sexually oriented businesses to pay to the Comptroller a

fee of $5.00 for each customer who frequents a sexually oriented business. The business may either collect the fee from each customer and pay it to the Comptroller or pay the amount from its own resources directly to the Comptroller.

Some of the sexually oriented businesses of Texas filed a lawsuit to challenge the legality of the SOBF, and while the lawsuit was in progress, and in the early days of the lawsuit the Comptroller abated the collection of the SOBF's. The lawsuit ultimately was decided in favor of the Comptroller and in about 2014 the Comptroller began to enforce the collection of the fee, including all fees accrued but unpaid since 2007. This resulted in severe hardship to many of the sexually oriented businesses in the state.

Xoticas Laredo. L.P. was charged for $529,234.20 in fees, penalties, and interest. Xoticas Rio Grande Valley, L.P., was charged $1,128,242.76 in fees, penalties, and interest. Neither Debtor had the resources to pay these large amounts.

Each Debtor tried to work out a payment arrangement with the Comptroller. They entered an agreement for each Debtor to pay the past due amounts over a five-year period with large annual payments. The Laredo club was required to pay the Comptroller in sixty monthly payments of $8,226.64, with an extra payment on November 1, 2017 of $89,420.00, and a final payment of
$45,250.79 thirty days after the final monthly payment. The Rio Grande club was required to pay the Comptroller in sixty monthly payments of $14,773.36, with an extra payment on November 1, 2017 of $160,580.00, and a final payment of $81,216.16 thirty days after the final monthly payment. The agreements were entered in 2015. The Debtor's paid on these agreements

for almost two years but could not make the large extra payment required under each agreement in November of 2017.

The Comptroller cancelled the agreements in February of 2018.

The Debtors are each facing collection from the Comptroller which can include the entry onto their premises and the seizure of all their assets, thus putting each Debtor out of business.

To further complicate the Debtors' financial situations, Mr. Kenneth Smartt, the general partner of both clubs, was diagnosed with cancer in 2008. He began courses of chemo therapy treatment over the next four years until his cancer went into remission in 2012. During this time his bookkeeper was left to deal with both the Comptroller and the IRS, and unknown to Mr. Smart the bookkeeper made the decision to devote the cash flow of both businesses to responding to the more aggressive collection efforts of the Comptroller. In doing this she failed to file and pay 941 returns. She did not want to burden Mr. Smartt with more worries while he was undergoing chemo, so she also failed to tell him that his clubs were not making enough money to pay both the IRS and the State Comptroller.

The latest iterations of the IRS Proofs of Claim were filed in each filed in each case on June 27, 2018, and are:

Xoticas Laredo, L.P.,   an unsecured claim for $550,158.60;

Xoticas Rio Grande Valley, L.P., an unsecured claim for $428,846.49

## 2. Debtor's Assets and Liabilities

**Assets:**   Debtors do not own any real estate. They lease their club facilities from an entity owned by the limited partners of the Debtor. Each Debtor's principal value is as an ongoing business.

Xoticas Laredo, L.P. 's assets, beyond that of being an ongoing business, consist of the following:

| | |
|---|---|
| Cash on hand at the day of filing: | $14,060.00 |
| Inventory (Food, alcohol, cleaning supplies) | $42,990.00 |
| Furniture & Fixtures | $10,000.00 |
| Golf cart | $ 4,000.00 |

Xoticas Rio Grande Valley, L.P. 's assets, beyond that of being an ongoing business, consist of the following:

| | |
|---|---|
| Cash on hand at the day of filing: | $14,906.00 |
| Inventory (Food, alcohol, cleaning supplies) | $25,037.00 |
| Furniture & Fixtures | $19,065.00 |

3.  **Debt owed on assets:**

In addition to the IRS claims, the Comptroller has filed Proofs of claim against each club as follows:

Xoticas Laredo, L.P.,   a purportedly secured claim for $530,517.45;

Xoticas Rio Grande Valley, L.P., a purportedly secure claim for $920, 188.17

In addition to the Comptroller and IRS claims the following claims have been filed against the Debtors:

Xoticas Laredo, LP.:

Texas Workforce Commission: $564.43;

Laredo Community College:   $3,850.00.

-4-

Xoticas Rio Grande Valley, L.P.:

ThyssenKrupp Elevator Corp., $850.71;

Hidalgo County:        $17824.13;

Texas Workforce Commission:        $783.60;

American Express:    $363.97;

American Express:    $4,542.60.

BMI:   $2,618.21 (BMI (claim 7-1)

BMI filed a duplicate claim (claim 8-1) one month after its first one, the claims are identical for the amounts, contracts they apply to, and period covered. Debtor believes there is only one debt owed to this creditor in the amount of $2,618.21.

Each of the Debtors listed the following debts in their schedules for which no proofs of claim have yet been filed:

Xoticas Laredo, L.P.:

| | |
|---|---|
| Resolution Financial LLC: | $18,081.22 |
| State Comptroller Mixed Beverage Sales totaling: | $35,357.23 |
| State Comptroller Sales Tax: | $3,137.98 |

The following general unsecured claims:

| | |
|---|---|
| Ascap: | $2,281.90 |
| Ascending Technologies: | $178.58 |
| KDS III Land Development: | $200,000.00 |
| Kwik Kopy Printing: | $151.55 |
| Monica Madrigal, RTA | $2,287.10 |
| Mr. Kenneth Smartt: | $15,500.00 |
| Mrs. Elizabeth Smartt: | $13,500.00 |

    Pete Sifuentes, CPA:    $1,075.00
    Protection One Alarm:    $216.50
    Stonemark Insurance:    $8,996.43

Xoticas Rio Grande Valley, L.P.:

    State Comptroller Sales Tax:    $2,527.07;
    State Comptroller Mixed Beverage Sales totaling:  $27,903.61.

The following general unsecured claims:

    Ascap:    $4,527.30
    Ascap:    $4,601.44
    Direct T.V.:    $293.74
    Hudson Energy:    $1,620.08
    Integra Systems:    $2,069.74
    KDS Land Development    $149,000.00
    Kenneth Smartt:    $13,500.00
    Marlin Business Bank:    $2,477.58
    Mrs. Elizabeth Smartt:    $10,500.00
    Pablo Villarreal RTA:    $8,619.37
    Protection One Alarm:    $734.16
    Stonemark Insurance:    $8,993.43
    Waste Management:    $457.28
    Westel:    $230.59

**4.  Debtor's Strategy for Exiting the Chapter 11:**

  Both the IRS and the Comptroller are seeking to impose personal liability on Mr. Smartt for their claims. The IRS seeks to hold him liable as a responsible person for the 941 taxes. The Comptroller has sued him in Austin on his contract to guaranty the settlement agreements that the Comptroller had with each debtor and is trying to impose liability as though the SOB fees were trust fund taxes. Counsel for the Debtor and the tax firm representing Mr. Smartt do not believe the facts support the imposition of personal liability for the SOB fees. Mr. Smartt does

not think he has gotten all the credit for returns that he did file and taxes that he paid. Mr. Smart has employed the law firm of Blazier, Christensen, Browder & Virr, P.C. to represent him individually with respect to both the IRS and Comptroller claims. The firm practices primarily tax law and has experience in dealing with claims by the Comptroller. The law firm has answered the Austin lawsuit and is examining the IRS claim. The resolution or settlement of these claims will affect the Plans proposed by the Debtors.

While each Debtor has very few assets, the Debtors' principal believes that each club is experiencing an increase in business, and that given time can generate substantial income and be viable businesses. Mr. Smartt is sufficiently convinced of this that he is willing to commit other assets he owns to help the Debtors reorganize. Again, the ultimate form of a plan depends on how much of the IRS and Comptroller claims can be reduced through litigation or settlement.

Any Plan scenario is going to involve the real estate where the two clubs are located. Both clubs' locations are owned by KDS III Land Development LLC (KDS). Mr. Smartt and his wife are the owners of KDS. The Debtors are in substantial arrears on their lease payment obligations to KDS. KDS would forego these claims. The Plan would call for the Debtors to make monthly payments of principal and interest amortized for a long term on the IRS and Comptroller claims, while paying off the mortgages on the two club locations. KDS would then refinance the mortgages on the clubs and pay off the remaining IRS and Comptroller debt.

If a suitable reduction in the IRS and Comptroller claims cannot be reached, then a "Plan B" scenario would involve closing the Rio Grande Valley (RGV) club, converting the RGV case to a Chapter 7, with KDS using the equity in the two club locations to pay off the Xoticas Laredo, L.P. debt.

5. **Debtor's Attendance at the 341 Meeting:**

Debtors' creditors' meeting was scheduled for May 9, 2018. Debtor's representative and Counsel for Debtor were present. The Debtors' representative appeared, and the meeting was concluded.

5. **Estate's Need to Employ Professionals:**

The assets available be sold to bring cash into the case belong to the Debtor's principals who are not in bankruptcy. Debtors' representative believes that the in-house bookkeepers employed by each Debtor have the skills to assist the Debtors in the preparation and filing of Monthly Operating Reports. There is no need for the Estate to employ a realtor or accounting professionals at this time.

Debtors' counsel has submitted, and the Court has approved an application for him to be employed as bankruptcy counsel.

It is not anticipated at this time that any other professionals will be required in this matter.

6. **Unique Issues Related to Secured Debt, Employees, Cash Collateral, Executory Contracts, and Existing Management:**

The Debtors lease from KDS. KDS shares owners with the Debtors. These owners believe it is in their best interest if the Debtors or at least one of them can reorganize as a viable business entity. The owners are therefore willing to forego claims for lease arrears, as well as make the equity in their non-debtor property available if a feasible plan of reorganization can be affected.

The IRS claims are not secured. Hidalgo County has a lien on RGV's "Inventory, Furniture, Fixtures and Equipment." There do not appear to be any liens on the Debtors'

accounts or account receivables. There does not therefore appear to be a need for a cash collateral order.

**7. Compliance with Requests for Information from the UST Including but Not Limited to Requests Made in the Initial Debtor Interview:**

Debtor believes it has been fully compliant with requests made by the UST.

**8. Insurance Coverage:**

The structures where the Debtors' clubs are located are insured by the owners of the real estate. Debtors do maintain insurance on the contents of the clubs. No other type of insurance is required for this business.

**9. Outline of the Proposed Plan:**

As stated in paragraph 4 above the principals of Debtors propose to use equity in non-estate assets to pay claims if a feasible plan of reorganization can be confirmed. The plans would include reorganizing one or both Debtors, depending on how much the IRS and Comptroller claims can be reduced through litigation or settlement. Negotiations with the IRS and the Comptroller are being handled by the law firm representing Mr. Smartt individually.

Allowed claims, apart from the IRS and the comptroller, would be paid over a period from the Debtors business income. Debtor would also make payments to the IRS and the Comptroller of interest and some principal reduction while the mortgages on the non-debtor assets are paid down. When the mortgages on the properties where the clubs are located are fully paid, KDS would refinance the properties and use the loan proceeds to pay off the balance of the IRS and Comptroller indebtedness.

**10.** **Proposed Schedule for Filing and Confirming the Proposed Plan:**

Debtor should have its Disclosure Statement and Proposed Plan filed with the Clerk of the Court by August 8, 2018. Debtor's Counsel will file a motion to extend the time to file same if he cannot get the Plan and Disclosure Statement completed by August 8, 2018.

**11.** **Whether the Debtor Is a "Single Asset Real Estate Case" a Small Business Debtor" or "A Health Care Business" as Those Terms Are Defined by the Bankruptcy Code:**

The Debtor is not a single asset real estate case, or a health care business, but does meet the definition of Small Business Debtor as that term is defined in 11 U.S.C. §101(51D).

**12.** **Other Matters That Might Materially Affect the Administration of the Case:**

Whether or not and when deals can be made with the IRS or the Comptroller will affect when and what plan gets filed. In any event, Debtors representative is confident there is enough equity in the two non-debtor properties to make Plan B feasible even if no deal can be made with these entities.

Respectfully submitted,

___/S/    Carl M. Barto___
Carl M. Barto
Law Office of Carl M. Barto
817 Guadalupe
Laredo, TX 78041
(956) 725-7500
Fax (956) 722-6739
State Bar No.01852100
SDTX No. 6830
cmblaw@netscorp.net

ATTORNEY FOR XOTICAS LAREDO, L.P. AND
XOTICAS RIO GRANDE VALLEY, L.P.

**Certificate of Service**

This is to certify that a true and correct of the foregoing was served on this 27TH day of June 2018 on the following:

/S/ Carl M. Barto
Carl M. Barto

Ascap
21678 Network Place
Chicago IL 60673-1216

BMI
Attn: Marketing
10 Music Square East
Nashville, TB 37203

Direct TV
P.O. Box 100746
Los Angeles, CA 90060-0036

Hudson Energy
P.O. Box 731137
Dallas, TX 75373-1137

Integra Systems
422 Golden Eye Court
Laredo, TX 78045

Internal Revenue Servcie
P.O. Box 7346
Philadelphia, PA 19101-0424

KDS III Land Development
P.O. Box 451649
Laerdo, TX 78045

KDSIII Land Development LLC
4419 San Bernardo
Laredo, TX 78040

Kenneth Smartt Jr.
P.O. Box 451649
Laredo, TX 78045

Marlin Business Bank
P.O. Box 13604
Philadelphia, PA 19101-3604

Mrs Elizabeth Smartt
P.O. Box 451649
Laredo, TX 78045

Pablo Villarreal RTA
P.O. Box 178
Edingburg, TX 78540-0178

Protection One Alarm
P.O. Box 219044
Kansas City , MO 64121-9044

State Comptroller
P.O. Box 149356
Austin, TX 78714-9356

State Comptroller
111 E. 17th Street
Austin, TX 78774-0100

Stonemark Insurance
8501 Wade Blvd Ste. 620
Frisco, TX 750364

Thyssenkrupp Elevator
P.O. Box 933004
Atlanta, GA 31193

Waste Managment
P.O. Box 660345
Dallas, TX 75266

Westel
P.O. Box 203130
Austin, TX 78720

ASCAP
P.O. Box 331608
Nashville, TN 37203-7515

Ascewnding Technologies Inc.
P.O. Box 450528
Laredo, TX 78045

City of Laredo Tax Dept.
c/o Flores, Flores & Canales PLLC
5517 McPherson Rd. Ste. 14
Laredo, TX 78041

Internal Revenue Service
300 E. 8th St.
STOP 5026AUS
Austin, TX 78701

Kazen Muerer & Perez LLp
c/o George R. Muerer
211 Calle del Norte Ste. 200
Laredo, TX 78041

KDS III Land Development
P.O. Box 451649
Laredo, TX 78045

KDSIII Land Development, LLC
4301 San Dario
Laredo, TX

Kwik Kopy Printing
616 W. Calton Rd. Ste. 8
Laredo, TX 78041

Monica Madrigal RTA U
3501 E. Saunders
Laredo, TX 78041

Mr. Kanneth D. Smartt
P.O. Box 451649
Laredo, TX 78045

Mrs. Elizabeth Smartt
P.O. Box 451649
Laredo, TX 78045

Pete Sifuentez, CPA
16205 San Pedro Ave.
San Antonio, TX 78232

Protection One Alarm
P.O. Box 219044
Kansas City , MO 64121-9044

Resolution Financial LLC

| | |
|---|---|
| Southern Sanitation<br>P.O. Box 333<br>Laredo, TX 78042 | Webb County<br>Castillo, Montemayor & Solis, PC<br>7718 McPherson Rd. Ste. #F-105<br>Laredo, TX 78045 |
| State Comptroller<br>P.O. Box 149356<br>Austin, TX 78714-9356 | |
| Stonemark Insurance<br>8501 Wade Blvd Ste. 620<br>Frisco, TX 750364 | |
| United I S D<br>c/o Guillermo Alarcon<br>1302 Washington St.<br>Laredo, TX 78040 | |